# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VINCENT EDWARD DAVIS,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:18-cv-1889-MHH |
| **TOMMY C. NAIL, et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

Consistent with the discussion on the record during the May 16, 2019 telephone conference with Mr. Davis and counsel for the defendants, the Court grants the pending motions to dismiss because the applicable two-year statute of limitations bars Mr. Davis's federal claims. (Docs. 17, 21, 27). Constitutional claims brought under 42 U.S.C. § 1983 are subject to the statute of limitations governing personal injury claims in the state where the plaintiff files his lawsuit. *Owens v. Okure*, 488 U.S. 235, 250 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). For cases filed in Alabama, the statute of limitations for federal claims is two years. *Powell*,

643 F.3d at 1303 (11th Cir. 2011); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("After *Owens*, the two-year limitations period of Ala. Code § 6–2–38(*l*) applies to section 1983 actions in Alabama."); Ala. Code § 6-2-38(*l*) (1975) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").[1]

Mr. Davis challenges conduct that occurred in 2001 and 2002, but he did not file his complaint in this action until November 15, 2018. (Doc. 1). The discovery rule cannot save Mr. Davis's claims from the operation of the statute of limitations because a lawsuit that Mr. Davis filed in January 2016 against multiple defendants, including some of the defendants in this action, demonstrates that Mr. Davis had notice of the facts supporting his claims well before he filed his complaint in this action. *See Davis v. Falls, et al.,* No. 2:16-cv-00103-WMA; *see generally Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) ("The general federal rule is that the statute [of limitations] does not begin to run until the facts which would support a

---

[1] Mr. Davis brings constitutional claims under the Eighth and Fourteenth Amendments. He also asserts an ADA claim. (Doc. 7). Mr. Davis's Title I ADA claim is subject to a 180-day EEOC charge-filing deadline and a 90-day complaint-filing deadline. *See Butler v. Greif, Inc.*, 325 Fed. Appx. 748, 749 (11th Cir. 2009) ("Before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC."); 42 U.S.C. § 12117(a) (The Title VII procedures, including 42 U.S.C. § 2000e-5's time limitations, apply to Title I ADA claims.); *see also* 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1).

cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.") (internal quotation marks omitted). Thus, Mr. Davis's federal claims are time-barred, and the Court dismisses them with prejudice.[2] To the extent that Mr. Davis asserts state law claims, the Court declines to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 and dismisses any state law claims without prejudice.

The Court asks the Clerk to please serve Mr. Davis with this order at his address of record and to close this file.

**DONE** and **ORDERED** this 21st day of June, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] Because Mr. Davis is proceeding without the payment of a filing fee (Doc. 4), this Court may screen his claims to determine whether the claims are "without arguable merit either in law or fact" and subject to dismissal. *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010); *see* 28 U.S.C. § 1915(e)(2)(B) (listing screening criteria). For the reasons stated above, the two-year and 180-day time limitations bar all of Mr. Davis's federal law claims, including his claims against defendants who have not been served or defendants who have not appeared. Therefore, this order dismissing Mr. Davis's federal claims applies to all of his federal claims against all of the named defendants. The Court asks the Clerk to please term as moot Mr. Davis's motion for entry of default. (Doc. 22).